United States District Court
Southern District of Texas
ENTERED
JUL 3 1 1998
Michael N. Milby, Clerk of Court
By Deputy Clerk

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED
JUL 3 0 1998
Michael N. Milby, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| FELIPE SERRATA, As Next Friend of CISELY SERRATA | * * * |
| VS | * C.A. NO. B98 057 |
| MISSOURI PACIFIC RAILROAD COMPANY | * * * |

## ORDER DENYING MOTION TO REMAND

Before this Court is Plaintiff's Motion to Remand and Defendant's Opposition to same. This Court has read the parties' pleadings, considered the issues raised in light of the record and the applicable law, and is of the opinion that the Motion to Remand should be denied. In support of the aforementioned opinion, this Court files the following findings of fact and conclusions of law.

1. This cause was commenced in the 103rd Judicial District Court, Cameron County, Texas, on March 27, 1998, when Plaintiff's Original Petition was filed in Cause Number 98-03-1290-D, naming MISSOURI PACIFIC RAILROAD COMPANY as defendant. FELIPE SERRATA brings this civil action as next friend of CISELY SERRATA, his minor daughter, for

injuries she allegedly sustained as a result of her father's alleged exposure to creosote. Plaintiff's Original Petition includes causes of action for negligence and strict liability.

2. Defendant timely removed this case to federal court, invoking this Court's diversity jurisdiction. Plaintiff has filed a motion to remand on the sole basis that Defendant allegedly waived its right to remove by filing a motion to transfer venue and answer in state court prior to removal. Plaintiff's contention is without merit.

3. Case law is very clear that only specific, positive action by a defendant indicating his intent to waive his right to remove will justify a finding of waiver. Case law is also clear that a defendant does not waive his right to remove by taking defensive actions in state court, short of proceeding to adjudication on the merits.

4. It has been repeatedly held that defensive actions taken by a defendant in state court, including the filing of a motion to transfer venue and answer containing affirmative defenses, without further action on the part of the defendant resulting in a decision on the merits of

3

such defenses, does not constitute a waiver of the right to remove. <u>Werner v. Crum & Forster Commercial Insurance Company</u>, 839 F.Supp. 436, 439 (N.D. Tex. 1993); <u>Miami Herald Publishing Company v. Ferre</u>, 606 F. Supp. 122, 124 (S.D. Fla. 1984); <u>Fain v. Biltmore Securities, Inc.</u>, 166 F.R.D. 39 (M.D. Ala. 1996); <u>Bourdier v. Diamond M Odeco Drilling, Inc.</u>, 1994 WL 25526 (E.D. La. 1994). <u>See also</u> <u>Beighley v. FDIC</u>, 868 F.2d 776 (5th Cir. 1989).

5. Further, the fact that a defendant may request a jury trial in state court without waiving its right of removal is clearly contemplated by Federal Rule of Civil Procedure 81(c), which pertains to jury demands in removed actions. That rule states that "a party who, prior to removal, has made an express demand for trial by jury in accordance with state law, need not make a demand after removal." Such a request does not constitute waiver of the right to removal.

ClibPDF - www.fastio.com

4

Because of the foregoing, the Motion to Remand is hereby **DENIED**.

DONE at Brownsville, Texas, this 30th day of July, 1998.

_____
Fidencio G. Garza, Jr.
United States Magistrate Judge